FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 25 2010

JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ROBERT BRADWELL III, GDC NO. 1118351 Plaintiff, | : : : : | PRISONER CIVIL RIGHTS 42 U.S.C. § 1983 |
| v. | : : : | CIVIL ACTION NO. 1:10-CV-0352-CAM |
| DANNY HUNTER, Defendant. | : : : | |

## ORDER AND OPINION

Plaintiff Robert Bradwell III ("Plaintiff") has submitted this 42 U.S.C. § 1983 *pro se* civil rights complaint. This action is before me for a 28 U.S.C. § 1915A frivolity screening.

I.  The Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

AO 72A
(Rev.8/82)

"To succeed on a 42 U.S.C. § 1983 claim, a plaintiff must show that the violative conduct 'was committed by a person acting under the color of state law' and that the 'conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Loren v. Sasser*, 309 F.3d 1296, 1303 (11th Cir. 2002) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face"); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although . . . we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

II. Discussion

Plaintiff alleges that, on June 16, 2009 his parole was revoked without first receiving "notice of a parole preliminary hearing" by Defendant Danny Hunter, Division Director of Field Operations for the State Board of Pardons and Paroles. (Doc. 1 at ¶ IV.) Plaintiff states that he did not "enter into the State of Georgia until August 16, 2009, nearly two months after the revocation." (*Id.*) Plaintiff further alleges that he "did not receive his order of revocation papers until . . . [he] was at Jackson Diagnostic Prison, which was about three weeks later." (*Id.*) Plaintiff seeks money damages for having his parole revoked without "giving . . . [him] a prompt preliminary hearing." (*Id.* at ¶ V.)

The Supreme Court has held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). *Heck* applies to "suit[s] premised as here on the invalidity of confinement pursuant to . . . [a] parole revocation." *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997); *Cobb*

*v. Florida*, 293 F. App'x 708, 709 (11th Cir. 2008) ("challenge [] to the process used by the State of Florida to determine whether he violated his probation" barred by *Heck*) (unpublished opinion).

Because Plaintiff has not had his parole revocation reversed, his civil rights action should dismissed "with prejudice." *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid claim under *Heck*," he is permitted to raise his claim in a new civil rights action. *Id.* at 165 n.3.

III. Conclusion

**IT IS ORDERED** that this *pro se* civil rights complaint [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A. For the purpose of dismissal only, Plaintiff's request for leave to file this action *in forma pauperis* [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 24 day of March, 2010.

_____
CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

4